# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRANCE K. ALDEN, | ) |
| Petitioner, | ) |
| vs. | ) Case No. CIV-10-975-D |
| UNITED STATES PAROLE COMMISSION, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge by United States District Judge Timothy D. DeGiusti for initial proceedings consistent with 28 U.S.C. 636(b)(1)(B). For the following reasons, it is recommended that the petition be dismissed.

## I. BACKGROUND

Petitioner originally brought this action in the United States District Court for the Middle District of Pennsylvania. [Doc. No. 1]. At the time he filed his petition, Petitioner was housed at USP Hazelton, in Bruceton Mills, West Virginia. [Doc. No.1, p. 17]. Finding it lacked jurisdiction, the Court in Pennsylvania entered an order transferring the action to this court – noting that the Federal Bureau of Prisons' inmate locator system listed Petitioner as being housed at the Federal Transfer Center in Oklahoma City. [Doc. No. 3]. After the matter was transferred to this Court, the undersigned entered an order dated September 16,

2010, in which it was noted that Petitioner had neither paid the $5.00 filing fee nor submitted an application to appear in forma pauperis. Therefore, the undersigned gave Petitioner until October 5, 2010 to cure this deficiency. [Doc. No. 9]. Petitioner did not respond to the Court's order, but instead filed a motion to transfer this case to the United States District Court for the Middle District of Pennsylvania.

In a Report and Recommendation dated October 21, 2010, the undersigned recommended that this action be dismissed due to Petitioner's failure to pay the required filing fee. It was further noted that even if Petitioner paid the required filing fee, the undersigned would recommend dismissal of this action because of lack of jurisdiction over Petitioner's custodian and due to the successive nature of the petition. Six days after the Report and Recommendation was entered, the Court Clerk here docketed that Petitioner paid the filing fee, which apparently was paid to the United States District Court for the Middle District of Pennsylvania on October 20 and then sent to our Court Clerk where it was received on October 27. Noting Petitioner's subsequent payment of the filing fee, Judge DeGiusti declined to adopt the Report and Recommendation and remanded the matter to the undersigned for further proceedings. [Doc. No. 16].

Because it appeared that Petitioner's petition was for all intents and purposes identical to a previous habeas action filed and concluded in the United States District Court for the Northern District of West Virginia, the undersigned directed Petitioner to show cause why this action should not be dismissed. [Doc. No. 17]. Petitioner has now filed two responses to that order, as well as two separate motions seeking transfer of this action back

to the Middle District of Pennsylvania. [Doc. Nos. 11, 18].

## A. SECOND AND SUCCESSIVE PETITIONS UNDER 28 U.S.C. § 2241

The Tenth Circuit has held that the prior circuit authorization procedure contained in § 2244(b)(3) does not apply to habeas petitions brought under § 2241. Stanko v. Davis, 617 F.3d 1262, 1269 (10th Cir. 2010), cert. dismissed __ S.Ct. __, 2011 WL 55851 (Jan. 10, 2011). However, under 28 U.S.C. § 2244(a), a court is not required to entertain a habeas action containing claims that have already been determined in a previous habeas proceeding:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Thus, a habeas petition that raises claims that have previously been determined is subject to dismissal under § 2244(a). Stanko, 617 F.3d at 1269. When Congress enacted § 2244 in 1948, it codified the principle that a federal court is authorized to "decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, *unless the court determined that hearing the claim would serve the ends of justice*." Id. (emphasis added).

The common law doctrine of abuse of the writ has also been incorporated into the bar applicable to successive petitions under § 2244(a) Stanko, 617 F.3d at 1270. The abuse of the writ doctrine requires a petitioner to make certain showings before a successive petition raising new claims can be considered:

3

> if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim. The same standards that govern procedural default determinations govern inexcusable neglect determinations: the petitioner must establish cause for his failure to raise the claim in an earlier proceeding and resulting prejudice or, in the absence of cause, the petitioner must show that "a fundamental miscarriage of justice would result from a failure to entertain the claim...."

Stanko, 617 F.3d at 1271. A district court may raise abuse of the writ sua sponte, so long as it gives the petitioner notice and an opportunity to respond. Id. Petitioner was given notice in this case, and has responded to the order to show cause. He will also be given an opportunity to respond via objection to this recommended disposition. In light of these principles, the undersigned will now consider whether the ends of justice require consideration of those claims previously adjudicated, and whether Petitioner can show cause and prejudice for failing to raise any new claims raised in this action or that a fundamental miscarriage of justice will occur if the new claims are not entertained.

### B. PETITIONER'S CLAIMS

According to Petitioner, he was taken into federal custody in 1977 after he was convicted of a series of bank robberies; he was sentenced to 125 years imprisonment in connection with these crimes. Petition, 6.[1] On September 12, 2006, Petitioner applied for parole consideration. Id. Petitioner's initial parole hearing was held on May 1, 2007. Id. After examining his prior criminal history and institutional conduct, the hearing examiner

---

[1] The undersigned notes that in his petition, Petitioner refers to several exhibits. However, the only thing attached to the petition is Petitioner's affidavit.

recommended that Petitioner be paroled on August 17, 2007. Id. However, Respondent United States Parole Commission rejected the examiners' recommendation and voted to continue Petitioner to the expiration of his sentence: August 17, 2112. Id. Accordingly, Respondent issued a Notice of Action on May 31, 2007, denying Petitioner parole. Petition, 9. Petitioner challenged Respondent's decision to deny him parole, but the decision was affirmed on appeal by the National Appeals Board via a Notice of Action issued in August 2007. Id. On March 11, 2009, the Commission issued another Notice of Action amending its previous notice to show that the petitioner was continued to a 15-year hearing rather than to the expiration of sentence. Id. The notice provided that the decision was nonappealable. Id. at 9-10. Petitioner claims that the March 2009 amended notice "arbitrarily circumvented the regulatory provisions applied to appeal of parole denials, as well as the vested due process rights of enabling statute...." Petition, 10. He claims that the right to appeal parole decisions is "a matter of redress of First and Fifth Amendments." Id.

Petitioner apparently anticipated concerns about the second and successive nature of this action, as he devoted a portion of his petition to that issue. Petition, 3-5. In the section he titles "Lack of Other Adequate Remedy," Petitioner concedes that he "previously attempted to access the District Court for the Northern District of West Virginia, pursuant to civil action no. 5:09 CV 76...." Petition, 3. However, he argues that the district court there failed to consider his objections to a magistrate judge's recommendation that his petition be denied, even though his objection was timely under the prison mailbox rule. Id. at 4. Petitioner also claims that the court "did not address the violation of [Petitioner's] First

5

Amendment rights claim presented in amended petition for habeas corpus." Petition, 4. In his responses to the order to show cause, Petitioner reiterates the above two points, and attaches a supporting affidavit. Petitioner's [First] Response to Order to Show Cause, 2-3 [Doc. No. 20]; Petitioner's [Second] Response to Order to Show Cause, 1-2. [Doc. No. 22]. He also attaches copies of the Commission's decisions in connection with his parole proceeding. Id.

## II. DISCUSSION

### A. Claims Previously Raised

First, to the extent Petitioner raises the same claims as he did in the federal district court in West Virginia, the ends of justice do not require reexamination of those claims. The only argument Petitioner makes in this regard is that the federal district court in West Virginia erred in failing to accept his objections to the Report and Recommendation of the assigned Magistrate Judge. Petitioner's [First] Response to Order to Show Cause, 1-2; Petitioner's [Second] Response to Order to Show Cause, 1-3. However, in his order adopting the Report and Recommendation of Magistrate Judge David J. Joel, United States District Judge Frederick P. Stamp, Jr. stated:

> The Petitioner failed to file his objections within the time limitations set out in the magistrate judge's report and recommendation. Nevertheless, assuming without deciding, that the petitioner's objections were timely, they do not change the decision of this Court set forth below. Accordingly, because the petitioner's objections were untimely and not dispositive nonetheless, this Court reviews the magistrate judge's report and recommendation for clear error.

Alden v. United States Parole Comm'n, No. 5:09-cv-76-FPS-DJJ, 2010 WL 1257775, at *2

n. 3 (N.D.W.V. Mar. 26, 2010). Thus, Judge Stamp acknowledged both receipt and review of Petitioner's objections and, based on that review, determined that they would not change the outcome. Accordingly, the ends of justice do not require this Court to entertain a second, successive petition raising the same claims as those raised in Petitioner's previous petition.

### B. New Claims

Petitioner does not so much argue that he is submitting "new" claims as he is that the federal district court in West Virginia failed to address his previous claims that the actions of the Respondent United States Parole Commission violated his constitutional rights under the First and Fifth Amendments. Petitioner's [First] Response to Order to Show Cause, 1; Petitioner's [Second] Response to Order to Show Cause, 1. The undersigned finds this argument to be unpersuasive from both a factual and legal standpoint.

From a factual standpoint, Petitioner is simply mistaken that the federal district court in West Virginia failed to address his First and Fifth Amendment claims. Magistrate Judge Joel acknowledged Petitioner's due process claims that the Parole Commission failed to give him proper notice of his right to an initial parole hearing, relied on a waiver that was not knowing and voluntary, unreasonably delayed his parole hearing, and failed to comply with the statutes and regulations applicable to parole proceedings. Alden v. United States Parole Commission, No. 5:09cv76, Report and Recommendation, 2010 WL 1257777, at *2 (N.D.W.V. Feb. 26, 2010) (Joel, M.J.). He also acknowledged that Petitioner had amended his petition to add a claim that the amended notice of action denied him the opportunity to appeal and obstructed his access to the courts. Id. at 2-3. Furthermore, Magistrate Judge Joel

7

addressed all of these claims in a thorough and well-reasoned decision. Id. at 4-5. Judge Stamp also considered these claims in his opinion adopting the Report and Recommendation. Alden v. United States Parole Commission, No. 5:09cv76, Memorandum Opinion and Order, 2010 WL 1257775, at *2-5 (N.D.W.V. Mar. 26, 2010).

Second, from a legal standpoint, "grounds may be considered the same even when supported by different legal arguments." Stanko, 617 F.3d at 1270. Petitioner does not describe the grounds he claims to be new, but instead invokes the First and Fifth Amendments without further explanation. The undersigned finds that Petitioner has at the most attempted to recharacterize the legal basis for his claims in an unsuccessful effort to convince this Court to reconsider his previously and fully considered habeas petition. Even if Petitioner's First and Fifth Amendment claims were new, he has failed to show cause for failing to raise these new claims raised in this action, prejudice, or that a fundamental miscarriage of justice will occur if the new claims are not entertained.

Accordingly, it is recommended that this action be dismissed under 28 U.S.C. § 2244(a) because it raises claims previously determined in a federal habeas action and the ends of justice do not require reconsideration of those claims. To the extent Petitioner's action raises new claims that have not yet been determined, it should be dismissed for abuse of the writ because Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will occur if they are not considered here. In light of this recommendation, it is recommended that Petitioner's motions to transfer this action be denied as moot.

**RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that Petitioner's application for a writ of habeas corpus be dismissed as second and successive under 28 U.S.C. § 2244(a) and for abuse of the writ of habeas corpus. In light of this recommendation, it is recommended that Petitioner's motions to transfer [Doc. Nos. 11, 18] be denied as moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 14, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). The Clerk of Court is hereby directed to send a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma on behalf of the Respondent. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**Entered this 24th day of January, 2011.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE