# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRANCE K. ALDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-10-975-D |
| | ) | |
| | ) | |
| UNITED STATES PAROLE COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a federal inmate appearing *pro se*, brought this habeas action pursuant to 28 U. S. C. § 2241. He originally filed the action in the United States District Court for the Middle District of Pennsylvania; however, that Court transferred the action here because it determined that Petitioner was housed at the Federal Transfer Center located in this district. *See* Transfer Order [Doc. No. 3]. Pursuant to 28 U. S. C. § 636(b)(1)(B), the matter was then referred to United States Magistrate Judge Doyle W. Argo.

On January 24, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 23] in which he recommended the action be dismissed as a second and successive habeas petition pursuant to 28 U. S. C. § 2244(a) and for abuse of the writ.[1] Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

As set forth in the Report and Recommendation, the record reflects Petitioner had previously filed an apparently identical habeas action in the United States District Court for the Northern

---

[1] The Magistrate Judge had filed a previous Report and Recommendation [Doc. No. 9] in which he recommended dismissal because Petitioner had not paid the required filing fee. After the Report and Recommendation was filed, however, the Court Clerk received notification that the fee had been paid to the Middle District of Pennsylvania. Accordingly, in a December 1, 2010 Order [Doc. No. 16], the Court declined to dismiss the case for failure to pay the filing fee, and again referred the matter to Magistrate Judge Argo for consideration.

District of West Virginia, the Magistrate Judge directed him to show cause why this action should not be dismissed. Petitioner filed two responses to that order, and also filed two motions [Doc. Nos. 11 and 18] seeking transfer of this case to the Middle District of Pennsylvania. The Magistrate Judge reviewed Petitioner's responses and, as set forth in the Report and Recommendation, determined from a review of the West Virginia court rulings that the issues raised in this action were addressed by that court. *See* Report and Recommendation at pages 6 and 7.

As Judge Argo explained in the Report and Recommendation, a habeas petition that raises previously adjudicated claims is subject to dismissal under 28 U. S. C. § 2244(a). *Stanko v. Davis*, 617 F. 3d 1262, 1269 (10th Cir. 2010), *cert. dismissed,* 131 S.Ct. 973 (2011). Thus, a federal court is authorized to decline to consider such claims unless it determines "that hearing the claim would serve the ends of justice." *Id.* Furthermore, where a successive habeas petition raises new claims, the abuse of the writ doctrine requires the petitioner to establish "cause for his failure to raise the claim in an earlier proceeding and resulting prejudice." *Stanko*, 617 F. 3d at 1271. In the absence of cause, the petitioner must show that "a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* As Judge Argo further correctly noted, a district court may raise abuse of the writ *sua sponte*, if the court first gives a petitioner notice and an opportunity to respond. *Stanko*, 617 F. 3d at 1271.

In this case, Judge Argo provided Petitioner notice and an opportunity to show cause why this action should not be dismissed. As explained in the Report and Recommendation, the record reflects that the West Virginia court fully considered Petitioner's claims; to the extent that Petitioner attempts to characterize some of his contentions as new claims, he does not show cause for his failure to previously raise those claims, nor does he present a basis for determining a fundamental

miscarriage of justice would result if this Court does not consider those claims. Report and Recommendation, at pages 6-8. The Court agrees with the Magistrate Judge's review and analysis, and adopts the same as though fully set forth herein.

In his objection to the Report and Recommendation, Petitioner presents no persuasive argument or authority that would cause this Court to reject the Magistrate Judge's findings and conclusions. His argument essentially repeats the contentions previously made, and offers no basis for this Court's consideration of the claims previously adjudicated by another court. The Court concludes that the Magistrate Judge correctly determined this action should be dismissed pursuant to 28 U. S. C. § 2244(a) and for abuse of the writ of habeas corpus.[2] The Court also agrees that Petitioner's motions to transfer the action [Doc. Nos. 11 and 18] are moot, and are denied as such. To the extent Petitioner's objection asks this Court to dismiss this action without prejudice to its refiling, that request is denied. An attempt to again file a successive petition seeking another court's determination of claims foreclosed by § 2244(a) would be futile.

Accordingly, the Report and Recommendation [Doc. No. 23] is adopted as though fully set forth herein. This action is dismissed, and judgment shall be entered in favor of Respondent.

IT IS SO ORDERED this 18th day of April, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Because this action is brought pursuant to 28 U.S.C. §2241, the requirement for prior circuit authorization to file a second or successive petition is inapplicable. *Stanko*, 617 F. 3d at 1269 n. 5.